**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4747**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AKEEM OLAJUWAN DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:20-cr-00385-RJC-DCK-3)

Submitted:  April 30, 2024                                    Decided:  June 6, 2024

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Richard L. Brown Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Akeem Olajuwan Davis pled guilty pursuant to a plea agreement to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to concurrent 108-month terms on each count, to be followed by concurrent supervised release terms of four and three months respectively. On appeal, Davis' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Davis' within-Guidelines sentence is procedurally reasonable. Davis was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a brief. We affirm.

We review a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted).

2

Davis' counsel questions whether the district court erred in applying two-point enhancements for possession of a dangerous weapon, U.S Sentencing Guidelines Manual § 2D1.1(b)(1), and for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, USSG § 2D1.1(b)(12). Upon review, we find that the record support these enhancements. A confidential informant purchased cocaine base and firearms multiple times from Davis at the residence in question, including a firearm and cocaine base together. Thus, a weapon "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." *United States v. Manigan*, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted). Further, the record as a whole supports that Davis had access to, and control over, the residence to conduct his drug distribution operation from there. *See United States v. Barnett*, 48 F.4th 216, 220-21 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 823 (2023). We therefore find that the enhancements were properly applied.

The district court properly calculated the applicable Guidelines range as 87 to 108 months in prison. The court listened to the parties' arguments, considered the § 3553(a) factors, and explained its reasons for imposing a sentence at the high end of the Guidelines range and declining to grant a downward variance. Davis' sentence is both procedurally and substantively reasonable. We therefore discern no abuse of discretion in the imposition of Davis' sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right to petition the

3

Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4